IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-390

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMORRIS TRYESE ALLEN (10) | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the defendant's pro se Motion to Vacate Judgment Pursuant to Federal Rule Of Civil Procedure Rule 60(b). (Doc. No. 457).

The defendant claims the Judgment is void because the trial jury returned a verdict that he was responsible for 5 grams or more, but less than 50 grams, of cocaine base, which is an alleged variance from the grand jury's charge that he was responsible for more than 50 grams. (Id. at 4). He also complains that the Court improperly enhanced his sentence for possession of a firearm during the offense. (Id. at 8-9).

A defendant may not attack a criminal conviction using the Rules of Civil Procedure. United States v. Leake, 96 F. App'x 873 (4th Cir. 2004) (citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) and United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)). Additionally, the Fourth Circuit has found that civil Rule 60(b) motions in criminal cases may be dismissed as untimely if not brought within the time to file a notice of appeal. United States v. McKelver, 225 F. App'x 185, 186 (4th Cir. 2007). Here, the motion was filed nearly two years after the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. Therefore, the motion is untimely.

Even if the merits of the defendant's claim under Rule 60(b) were considered, it would fail. The defendant was properly convicted of a lesser included offense based on the jury's drug quantity finding and his sentence was properly enhanced for the gun possession based on the preponderance of evidence.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Vacate (Doc. No. 457) is **DENIED**.

Signed: January 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge